Mr. Justice Sulzbacher did not take part in the discussion of this case.

---

### Ex Parte Fernández.

#### Appeal from the District Court of Mayagüez.

###### No. 20.—Decided June 18, 1903.

Suspension of Payment—Common Debtors.—Article 1814 of the revised Civil Code refers only to ordinary debtors and does not repeal section 1 of General Order No. 224, series of 1899, according to which any merchant can make legal announcement of his having suspended payment within forty-eight hours next following demand for payment of the obligation due and payable by him.

Commercial Transactions.—Commercial transaction or acts are governed by the provisions of the Code of Commerce and such others as are complementary thereto, in which matters, as in all others governed by special laws, the provisions of the revised Civil Code are applicable only as a supplementary law.

##### STATEMENT OF THE CASE.

In the appeal in cassation, now appeal, pending before us, taken by Fernando Vázquez, Esq., on behalf of Constantino Fernández a merchant of Aguadilla, from a decree made by the District Court of Mayagüez, in proceedings in suspen-

quez, á nombre de Don Constantino Fernández, comerciante de Aguadilla, contra el auto dictado por el Tribunal de Distrito de Mayagüez, en el expediente de suspensión de pagos del expresado Fernández, y cuyo auto literalmente. transcrito, dice así:

·"Mayagüez, 19 de Febrero de 1903. Vistos. *Resultando:* que Don Fernando Vázquez, con fecha 24 del pasado Enero solicitó que se tuviera á Don Constantino Fernández, del comercio de Aguadilla, en estado de suspensión de pagos, por haberle sido reclamado extrajudicialmente á éste el pago de una deuda que no pudo satisfacer, y el Tribunal, por providencia del dia 27 del propio mes, tuvo por hecha la solicitud y ordenó que cumpliese el promovente con lo estatuido en el apartado 2o. de la Orden General número 224, serie de 1899.

*Resultando:* que el abogado representante de Fernández produjo el estado de la casa de éste, suscrito por él del que aparece que los créditos exceden de las deudas en la suma de mil quinientos siete pesos ocho centavos, acompañó la memoria que ha motivado su actual estado, y su proposición de convenio, y después de exigirse por la Corte el lleno de algunas formalidades se declaró no haber lugar á la declaratoria que se interesaba, por auto de 10 del actual.

*Resultando:* que contra esta resolución solicita reforma el abogado Sr. Vázquez, alegando lo que ha estimado de derecho. Por los propios fundamentos de la providencia interpelada y,— *Considerando además:* que después de la Orden General número 224, serie de 1899, que empezó á regir desde 1o. de Enero de 1900, se ha publicado el Código Civil, que en su artículo 1814 determina, por modo claro, que el deudor cuyo pasivo fuese mayor que el activo y hubiese dejado de pagar sus obligaciones corrientes, deberá presentarse en concurso ante el Tribunal competente, luego que aquella situación le fuere conocida, precepto que conviene con el artículo 870 del antiguo Código de Comercio, por cuanto en éste se previene que solo puede constituirse en estado de suspensión de pagos el que posea bienes suficientes para cubrir todas sus deudas, prevea la imposibilidad de efectuarlo, y el que carezca de recursos para satisfacerlas en su integridad, de lo cual se deriva que para obtener esa situación, el pasivo no puede ser mayor que el activo, porque es evidente que si ese caso llega, ni se pueden cubrir todas las deudas, ni menos satisfacerlas en su integridad.

*Considerando, finalmente:* que tanto la legislación presente como la antigua, y tanto en derecho mercantil como en derecho civil, ninguna persona puede obtener beneficios de suspensión de pagos, ni de quita y espera, sino cuando hay activo, sobrado para pagar las deudas. Se declara no haber lugar á la reposición que se solicita, y se confirma la providencia de 10 del

sion of payments of aforesaid Fernández, which decree, literally transcribed, reads as follows:

"Mayagüez, February twenty-ninth, one thousand nine hundred and three. Fernando Vázquez, on January 24, 1903, requested on behalf of Constantino Fernández, a merchant of Aguadilla, that the latter be legally declared in suspension of payment, because an extrajudicial demand having been made upon him for the payment of a debt, he was unable to satisfy the same. The court issued an order taking cognizance of the request and ordered that the provisions of section 2 of General Order No. 224, series of 1899, be complied with.

Counsel for Fernández then produced a statement of his client's liabilities and assets, signed by said Fernández, showing an excess of assets over liabilities amounting to one thousand five hundred and seven *pesos* and eight *centavos*, accompanied by a report of the causes which led to his present embarrassment and a proposition made by him for settlement with his creditors. The court, after requiring a compliance with certain formalities, by an order dated February 10, dismissed the request for a decree declaring the suspension of payment.

Thereupon Vázquez applied for a rehearing, alleging in support thereof such legal grounds as were deemed pertinent. This application was refused by the court which ratified its order of February 10, for the reasons set forth therein, adding that after General Order No. 224, series of 1899, had taken effect on January 1, 1900, the Civil Code was published, section 1814 whereof provides in explicit terms, that a debtor whose liabilities are greater than his assets, and who may have failed to meet his current obligations, must file a petition in bankruptcy in a competent court, as soon as he is aware of being in such condition, a provision which accorded with article 870 of the old Code of Commerce, inasmuch as the latter provides that only a merchant who, possessing sufficient property to cover all his debts, forsees the impossibility of meeting them, or lacks the means to meet them iu full, may suspend payments, whence it follows that in order to attain such a condition the liabilities must not exceed the assets, for then it would be impos_ sible to meet all the debts and much less satisfy them in full.

The court finally holds that under both the present and the former legis lation, as well as under either commercial or civil law, no person can secure the benefits of suspension of payments or of composition and respite, except where the assets are sufficient to offset the liabilities. The application for a rehearing is hereby denied, and the order of the 10th of the present month is affirmed. The foregoing judgment was concurred in and signed by the judges of the court, to which I certify.—Arturo Aponte—J. A. Erwin—R. Rovira—Juan Arroyo Mestre.

actual. Lo acordaron y firman los Sres. del Tribunal. Certifico.—Arturo Aponte.—J. A. Erwin.—R. Rovira.—Juan Arroyo Mestre."

*Resultando:* que contra este auto y su concordante del dia 10, se interpuso por la representación de Don Constantino Fernández recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad y personado el recurrente, se le dió al recurso la tramitación ordenada por la Ley de la Asamblea Legislativa de esta Isla de 12 de Marzo último, transformando esta Corte Suprema en Tribunal de Apelación y, señalado dia para la vista, se verificó ésta sin asistencia del abogado defensor del apelante.

Abogado del apelante: *Sr. Vázquez (Fernando.)*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho del auto apelado.

*Considerando:* que con arreglo al artículo 1 de la Orden General número 224 de 21 de Diciembre de 1899, que regía antes de la publicación del nuevo Código Civil, todo comerciante podía constituirse en estado de suspensión de pagos dentro de las cuarenta y ocho horas siguientes á habérsele reclamado judicial ó extrajudicialmente el pago de una obligación de plazo vencido.

*Considerando:* que esta disposición de la citada Orden General no puede considerarse derogada por el artículo 1814 del Código Civil revisado, que se refiere sólo á los deudores comunes que solicitan quita ó espera de sus acreedores, pero no á los comerciantes que se presentan en estado de suspensión de pagos, los cuales no pueden ser declarados en concurso, sino en estado de quiebra, en su caso, con arreglo á los artículos 1128, 1168 y 1316 de la Ley de Enjuiciamiento Civil, y 874 del Código de Comercio, que no han sido derogados, antes al contrario, deben estimarse subsistentes, en vista de lo que disponen los artículos 1076, 1572 y 1691 y la disposición final del citado Código Civil.

*Considerando:* que los actos mercantiles, á cuya naturaleza corresponde esencialmente la presentación de un comerciante

From this order and the order of January 10, counsel for Constantino Fernández took an appeal in cassation for violation of law, which appeal was allowed. The record having been forwarded to this Supreme Court, the appellant entered an appearance and in the appeal the court followed the procedure provided for by an "Act establishing the Supreme Court of Porto Rico as a court of appeals, approved March 12, 1903." A day was set for the hearing, which was duly had, counsel for appellant failing to appear.

*Mr. Fernando Vázquez*, for appellant.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court as follows:

The findings of fact set forth in the order appealed from are accepted.

Under section 1 of General Order No. 224, series of 1899, which was in force before the publication of the new Civil Code, any merchant could make legal announcement of his having suspended payment within forty-eight hours next following the judicial or extrajudicial demand for payment of an obligation due and payable by him.

This provision of aforesaid General Order cannot be considered as having been repealed by article 1814 of the revised Civil Code which refers only to ordinary debtors applying for the remedy of composition and respite from their creditors, but not to merchants making legal announcement of their having suspended payment who cannot be declared insolvent but in a state of bankruptcy in a proper case, according to articles 1128, 1168 and 1316 of the Law of Civil Procedure, and 874 of the Code of Commerce, which have not been repealed, but, on the contrary, should be considered as in force in view of the provisions of articles 1076, 1572 and 1691 and the final provision of aforesaid Civil Code.

Commercial transactions or acts, to which character the announcement of suspension of payments by a merchant,

en estado de suspensión de pagos, se rigen, según lo prescribe el artículo 2 del Código de Comercio, con arreglo á las prescripciones del mismo y á las demás disposiciones complementarias del propio Código, á cuya clase corresponde la Orden General No. 224 de 21 de Diciembre de 1899, que constituye el derecho vigente sobre la suspensión de pagos de los comerciantes, y en cuya materia, como en todas las demás que se rigen por leyes especiales, las disposiciones del Código Civil revisado sólo son aplicables como derecho supletorio, según así lo establece por punto general el artículo 12 del citado Código Civil.

*Considerando:* que con arreglo al artículo 870 del Código de Comercio, podía presentarse en suspensión de pagos, no sólo el comerciante, cuyo activo fuera superior á su pasivo, sino el que careciera de recursos suficientes para satisfacer sus deudas, en toda su integridad, y si bien este precepto del Código de Comercio fué modificado después por Real Decreto de 25 de Junio de 1897, según el que, el comerciante que pretendiera obtener aquel beneficio, debía poseer bienes suficientes para cubrir todo su pasivo, y que la proposición de espera que sometiera á la aprobación de sus acreedores, no podía exceder de tres años, ni mucho menos pretender, bajo ninguna forma, quita ó rebaja de los créditos, no dándosele curso á su solicitud en caso contrario, todas estas prescripciones del citado Real Decreto fueron derogadas posteriormente por la Orden General No. 224, según la que, todo comerciante, sin distinción entre el que posea ó no bienes suficientes para cubrir la totalidad de su pasivo, podrá presentarse en estado de suspensión de pagos, con tal que cuando haya sido requerido judicial ó extrajudicialmente para el pago de una obligación de plazo vencido, lo verifique dentro de las cuarenta y ocho horas siguientes al requerimiento, sobre cuyo requisito, que asegura el promovente haber cumplido, nada aparece en contrario en el presente caso.

*Considerando:* por tanto, que no existiendo razón alguna

essentially appertains, pursuant to article 2 of the Code of Commerce, are governed by the provisions thereof, and such other provisions as are complementary thereto, to which class belongs General Order No. 224, series of 1899, the latter constituting the law in force with regard to the suspension of payments by merchants, in which matter as in all others governed by special laws, the provisions of the revised Civil Code are applicable only as supplementary law, as prescribed in a general manner by article 12 of aforesaid Civil Code.

Under article 870 of the Code of Commerce, not only a merchant whose assets exceeded his liabilities, but one who lacked the means wherewith to satisfy all his debts in full could be judicially declared in suspension of payments, and although this provision of the Code of Commerce was afterwards modified by Royal Decree of June 25, 1897, according to which, a merchant who sought to obtain that benefit should own sufficient property to cover all his liabilities, while the extension of time proposed by him to his creditors could not exceed three years, and much less could he ask for a composition or reduction of his debts, his application being otherwise denied, all these provisions of aforesaid Royal Decree were subsequently repealed by General Order No. 224, according to which, every merchant, without any distinction between one who owned and one who did not own sufficient property to cover his liabilities in full, may make legal announcement of his having suspended payment, provided that upon a judicial or extrajudicial demand for payment of an obligation due and payable by him, he shall do so within forty-eight hours next following such demand, which requisite the petitioner claims to have complied with, nothing to the contrary appearing in the record.

There being, therefore, no reason why the application of the petitioner should not be granted, under the authority of aforesaid legal provisions, we adjudge that we should reverse, and do reverse the order appealed from, dated

que se oponga á la solicitud del peticionario, debe accederse á ella.   Vistas las disposiciones legales citadas.

*Fallamos:* que debemos revocar y revocamos el auto apelado de 19 de Febrero último y su concordante de 10 del mismo mes, declarándose á Don Constantino Fernández en estado de suspensión de pagos y el Tribunal de Distrito de Mayagüez dicte las demás disposiciones consiguientes para llevarla á efecto con arreglo á derecho.

Jueces concurrentes: Sres. Hernández y Figueras.

Juez disidente: Sr. MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

*Opinión disidente del Juez Asociado Sr. MacLeary.*

En el recurso interpuesto por Constantino Fernández, del Comercio de Aguadilla, bajo fecha 19 de Febrero último, respetuosamente hago constar que disiento de la sentencia dictada por mis compañeros, revocando la decisión del tribunal *a quo*, la cual estimo ajustada á la Ley.

Bajo el nuevo Código Civil no se establece distinción entre los comerciantes y otras clases de deudores, sino que todos, de acuerdo con los principios generales de la legislación americana, están colocados sobre un mismo pie.   El artículo 1814 del Código Civil, aprobado por la Asamblea Legislativa y actualmente en vigor, no hace distinciones en favor de los comerciantes, sino que es aplicable á todos los deudores, exigiendo que el activo de estos exceda de su pasivo para que puedan obtener el beneficio de una declaratoria de suspensión de pagos, y claramente deroga toda disposición del Código de Comercio que al mismo se opusiere. Terminantemente prescrito consta esto en la "disposición final contenida en el artículo 1876 de dicho Código.   En parte alguna del Código Civil se declara "que continúa en vigor" la contradictoria disposición del Código de Comercio. Si la manifiesta intención del legislador necesitara corroboración la hallaríamos en el número 3 del artículo 1823, donde

February 19, last, as also the order concordant therewith of February 10, by declaring Constantino Fernández in suspension of payments. The District Court of Mayagüez is directed to make the necessary orders for the purpose of effecting said suspension of payments in accordance with the law.

Justices Hernandez and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.

Mr. Justice MacLeary, dissenting.

In the case of Constantino Fernández, a merchant of Aguadilla, on appeal from an order of the District Court of Mayagüez, bearing date of February 19, last, I respectfully dissent from the judgment rendered by my colleagues reversing the decision of the trial court, believing the latter to have been correct.

Under the new Civil Code there is no distinction drawn between merchants and other classes of debtors, but all are in accordance with the general principles of American Law, placed on an equal footing. Article 1814 of the Civil Code passed by the Legislative Assembly, and now in force, makes no exceptions in favor of merchants but applies to all debtors, and requires that their assests should exceed their liabilities in order that they may take the benefit of a declaration of a suspension of payments, and clearly repeals any provision of the Code of Commerce in contravention of it. This is distinctly declared in the "final provision" contained in section 1876 of the said Code. In no part of the Civil Code is the contradictory provision of the Code of Commerce "declared to be continued in force". Were any support necessary to show the clear intention of the legislative mind it would be found in paragraph 3 of section 1823 where reference is made, in speaking of preferences, to "goods or securities constituted in a public or commercial establishment", which terms can be applied to no other class of persons that merchants. But the rule which should

al hablar de bienes que gozan de preferencia, cítanse "los garantizados con fianzas de efectos ó valores, constituída en establecimiento público ó mercantil", lo cual no es aplicable á clase alguna de personas, fuera de los comerciantes. Pero la regla á que debe ceñirse para interpretar esta disposición del Código Civil, si interpretación necesitase, hállase en el Art. 3 del mismo Código, que dice: "Cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu." Háyase ó no incurrido en tal pretexto por parte de mis respetables compañeros, la letra de la Ley ha sido menospreciada en el persistente empeño por mantener en su integridad el Código de Comercio. Nada hay en este Código ó en la Orden General que requiera especial referencia á uno ú otra en una cláusula derogatoria. Comprendidos están en los términos precisos, empleados y repetidos en la "disposición final" arriba citada. Estimando que todas las Leyes de la Asamblea Legislativa deben cumplirse desde luego, con rigurosa exactitud, sin atender para nada á predilecciones de los jueces por determinados sistemas de legislación y desconociendo en los Tribunales de Justicia facultad alguna legislativa, es mi opinión decidida que debe confirmarse en todas sus partes la sentencia dictada por la Corte de Distrito de Mayagüez.

be applied in the construction of this provision of the Civil Code, if any construction were necessary, is found in section 13 of the Code itself, which says: "when a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof." Whether this pretext has been used by my very much respected colleagues or not, the letter of the law has been disregarded in the determined effort to preserve in its entirety the "Code of Commerce". There is nothing about this particular Code or General Order which makes a special reference to either of them necessary in a repealing clause. They are included in the very comprehensive terms used and repeated in the "final provision" heretofore cited. Believing that all the acts of the Legislative Assembly should be readily and willingly carried out, regardless of the predilections of judges for particular systems of laws, and disclaiming all powers of legislation by judicial tribunals, I am most clearly of the opinion that the judgment of the District Court of Mayagüez should be in all things affirmed.